Jesse Pasquan MASCORRO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00057–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1981.

Benjamin F. Walker and Lawrence M. Hamilton, San Antonio, for appellant.

Bill M. White, Dist. Atty., Douglas V. McNeel, Asst. Dist. Atty., San Antonio, for appellee.

## OPINION

Before ESQUIVEL, BUTTS and CANTU, JJ.

ESQUIVEL, Justice.

This is an appeal from a conviction for aggravated rape. Punishment was assessed at 55 years.

Appellant argues that the jury was authorized and instructed to convict appellant upon a theory which did not constitute the offense of aggravated rape. In pertinent part, the indictment alleged that the appellant did:

knowingly and intentionally by force that overcame such earnest resistance as might reasonably have been expected under the circumstances and threats that would prevent resistance by a woman of ordinary resolution have sexual intercourse with [M.J.T.], hereinafter called complainant a female not his wife, without her consent, and did then and there intentionally and knowingly compel said complainant to submit to such act of sexual intercourse by threatening the imminent infliction of SERIOUS BODILY INJURY to said complainant; . . . .

The jury charge, in its application of the law to the facts, stated:

Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of July A.D., 1978, in Bexar County, Texas, the defendant, Jesse Pasquan Mascorro, intentionally or knowingly did then and there unlawfully and without the consent of [M.J.T.] a female, have sexual intercourse with the said [M.J.T.], and that the said [M.J.T.] was not then and there the wife of the said defendant, and that the defendant used force on [M.J.T.] on the occasion in question and that it was such force as to overcome such earnest resistance as might reasonably be expected under the circumstances at the time, and that defendant used threats to [M.J.T.] and that they were such threats as would prevent resistance by a woman of ordinary resolution, *OR* compelled submission to the rape by threat of serious bodily injury to be imminently inflicted on her, then you will find the defendant guilty as charged in the instrument. [Emphasis added.]

Appellant maintains that the trial court's charge authorized the jury to find the appellant guilty of aggravated rape, pursuant to Tex.Penal Code Ann. § 21.03(a) (Vernon 1975), without finding all of the requisite

elements present. Specifically, appellant notes that the jury could convict him of aggravated rape if they found that he "compelled submission to the rape by threat of serious bodily injury to be imminently inflicted on [the complainant]," even though the jury did not find that the appellant "used force" or "used threats" and that those threats were such as to prevent resistance by a woman of ordinary resolution.

In pertinent part, Tex.Penal Code Ann. § 21.02 (Vernon 1975) provides:

(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

(b) The intercourse is without the female's consent under one or more of the following circumstances:

(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances; [or]

(2) he compels her to submit or participate by any threat, communicated by actions, words or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm; ....

(c) An offense under this section is a felony of the second degree.

Tex.Penal Code Ann. § 21.03 (Vernon 1974) provides:

(a) A person commits an offense if he commits rape as defined in Section 21.-02 of this code ... *and* he:

(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

(b) An offense under this section is a felony of the first degree. [Emphasis added.]

It is clear that the trial court's charge erroneously instructed the jury to find the appellant guilty of aggravated rape without requiring the jury to find that (1) the appellant committed rape pursuant to Tex.Penal Code Ann. § 21.02(b)(1, 2), *and* (2) the appellant committed the aggravating circumstances as alleged under Tex.Penal Code Ann. § 21.03(a)(2). The pleading, the evidence and the instructions to the jury of an aggravating circumstance, as set out in § 21.03, in conjunction with the elements of the offense of rape, as set out in § 21.02, are essential requirements for obtaining an aggravated rape conviction. Tex.Penal Code Ann. § 21.02 (Vernon 1975). Thus, the court's charge which authorized a conviction for aggravated rape without requiring the jury to find all of the elements of the offense of rape and the aggravating circumstance cannot sustain a conviction for aggravated rape and constitutes fundamental error. *See Evans v. State*, 606 S.W.2d 880, 883 (Tex.Cr.App.1980); *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979).

Therefore, the judgment is reversed and the cause remanded.