**James Ricky RICHARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 556–82.

Court of Criminal Appeals of Texas, En Banc.

Dec. 22, 1982.

James Ricky Richards, pro se on petition for discretionary review.

Shirley C. Hunter, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of aggravated sexual abuse and the jury assessed punishment at fifty years. The Court of Appeals affirmed the conviction in an unpublished opinion. We granted appellant's petition for review in order to consider his contention that the jury charge was fundamentally defective.

■ The indictment alleged that appellant did:

"... with intent to arouse the sexual desire of the Defendant, and by force and by threatening the imminent infliction of serious bodily injury and death to and without the consent of V____S____, a person not his spouse and hereafter styled the Complainant, have deviate sexual intercourse with the Complainant by placing his penis in the mouth of the Complainant."

The court, in applying the law to the facts of the case, instructed the jury:

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about February 21, 1980, the defendant did then and there with intent to arouse his sexual desire and by force or by threatening the imminent infliction of serious bodily injury or death to and without the consent of V____S____, a person not his spouse, have deviate sexual intercourse with her by placing his penis in her mouth, you will find the defendant guilty as charged."

The State concedes that the error here is substantially the same as in *Messenger v. State* (Tex.Cr.App.1982), 638 S.W.2d 883. The charge is fundamentally defective because, by submitting "by force or by threatening the imminent infliction of serious bodily injury or death" disjunctively, it allows conviction for aggravated sexual abuse on finding force without finding the aggravation element alleged under V.T.C.A., Penal Code Sec. 21.05(a)(2). This requires reversal of the conviction for the reasons stated in *Messenger*, supra.

■ The State argues that because the erroneous charge did include a proper submission of the elements of the lesser included offense of sexual abuse, V.T.C.A., Penal Code Sec. 21.04, the jury's verdict should be upheld as sufficient to support conviction for that offense, and the cause should be remanded for reassessment of punishment by the trial court even though the jury assessed punishment. Appellant, having elected to be punished by the jury, is entitled to that statutory right. Art. 37.07, V.A.C.C.P. There is no authority for what the State seeks.

The judgments of the Court of Appeals and the district court are reversed and the cause is remanded to the trial court.