David NAIM, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 67646, 67647.

Court of Criminal Appeals of Texas, En Banc.

Feb. 2, 1983.

Michael Byck, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., and John D. Nation, Donald Land and R.R. Smith, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from convictions of the offense of aggravated robbery; the punishment in cause number 67,646 is imprisonment for 99 years and in cause number 67,647 imprisonment for 50 years.

The sole ground of error presented is the same in each appeal. The appellant asserts that the charge of the trial court was fundamentally erroneous in that it authorized conviction for conduct which was not a violation of law.

The appellant does not complain about the court's charge in which the law is applied to the facts, but he urges that since the trial court delivered an erroneous legal definition of the term "without effective consent" the jury was permitted under the incorrect definition to find the appellant committed the included offense of theft in a way not made penal by statute. The court instructed the jury that:

" 'Effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by force, threat, or fraud;"

This is the general statutory definition of effective consent. V.T.C.A. Penal Code, Section 1.07(a)(12)(A).

The appellant argues that even though he made no trial objection to the definition submitted that it was fundamental error for the court not to submit the statutory definition of effective consent found in the chapter of the Penal Code on theft, since it was alleged that the property was obtained in the course of committing theft. V.T.C.A. Penal Code, Section 31.01(4)(A) provides:

" 'Effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if: induced by deception or coercion;"

In Section 1.07(a)(12)(A) consent is not effective if induced by *force, threat, or fraud.* In Section 31.01(4)(A) consent is not effective if induced by *deception or coercion.*

It was urged in *Feldman v. State,* 576 S.W.2d 402 (Tex.Cr.App.1979) that in alleging the offense of burglary with the intent to commit theft it was necessary in alleging "without effective consent" to allege whether reliance was on (A) or (B) or (C) or (D) of V.T.C.A. Penal Code, Section 1.07(a)(12). It was there said:

"An indictment for burglary need not allege which subsection of Section 1.07(12) the State is relying upon. Cf. *Gonzales v. State,* 517 S.W.2d 785 (Tex. Cr.App.1975). When 'without effective consent' is alleged, the accused is put on notice that it could be for any of the reasons set forth in Sections 1.07(12) or 31.01(4)."

In *Feldman v. State,* supra, the two definitions of effective consent were equated.

See also *Stanley v. State,* 631 S.W.2d 751 (Tex.Cr.App.1982) where in a burglary case the court submitted the definition of effective consent found in V.T.C.A. Penal Code, Section 1.07(a)(12)(A).

In two of the four form books generally used as guides in this State in drafting jury charges the charges on robbery use the definition of effective consent found in the general statute V.T.C.A. Penal Code, Section 1.07(a)(12); Willson, Texas Criminal Forms Annotated, (8th ed.) Sections 99.01 and 99.02; McClung, Jury Charges for Texas Criminal Practice (Rev. ed. 1981) pp. 141–147; while in the other two form books the definition of effective consent used is found in the theft statute V.T.C.A. Penal Code, Section 31.01(4); State Bar of Texas, Texas Criminal Pattern Jury Charges (1975) Sections 29.02(a)(1), (a)(2); 29.03(a)(1), (a)(2); 2 Texas Annotated Penal Statute, Branch's 3rd ed. 1974, Sections 29.02 and 29.03.

However, as the question is presented here, under the record before us, we need not now decide which one of the definitions should be submitted or whether either definition may be submitted. In the present case, just as in *Broadnax v. State,* 626 S.W.2d 548 (Tex.App.—Texarkana 1981), where the prosecution was for theft from the person, and where a full definition of effective consent was not given, it was pointed out that there was really no issue in regard to consent since the complainant gave no consent at all. In each instance now being considered in these appeals the property was taken by use of a hand gun and there are no facts raising the issue of consent or effective consent. Since the facts of these cases do not remotely present a contested issue of consent, the jury could not have been misled by the definition given nor could the jury have found the appellant guilty in a way not made penal by the statute. The error, if any, is not calculated to injure the rights of the appellant and it does not appear the definition of effective consent submitted nor the failure to submit the definition of effective consent which it is now argued should have been given deprived the appellant of a fair and impartial trial. Article 36.19 V.A.C.C.P.; Cf. *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Cr.App. 1981); *Bright v. State,* 585 S.W.2d 739 (Tex.Cr.App.1979). *Coit v. State,* 629 S.W.2d 263 (Tex.App.—Dallas 1982). The charge submitted was not fundamentally erroneous.

The judgments are affirmed.

Opinion approved by the court.

MILLER, J., concurs in the result.