Jophlin Thaddeus NED, Appellant,

v.

The STATE of Texas, Appellee.

No. 231–82.

Court of Criminal Appeals of Texas,
En Banc.

June 15, 1983.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Mary Ludwick and Michael E. Keasler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This is a petition for discretionary review brought by the State. Appellant was convicted of aggravated sexual abuse in a trial to the jury.

The trial court defined the offense in the abstract portion of the charge as follows:

"A person commits the offense of sexual abuse if, without the other person's consent, and with intent to arouse or gratify the sexual desire of any person, he engages in deviate sexual intercourse with the other person, not his spouse, whether the other person is of the same or opposite sex. *The intercourse is without the other person's consent if he compels the other person to submit by any threat that would prevent resistance by a person of ordinary resolution.* The offense becomes aggravated sexual abuse if he compels submission to the sexual abuse by threat of serious bodily injury to be imminently inflicted on anyone." (Emphasis added)

V.T.C.A., Penal Code, Section 21.04(b), provides:

"(b) The intercourse is without the other person's consent under one or more of the following circumstances:

" * * *

"(2) the actor compels the other person to submit or participate by any threat, communicated by actions, words, or

deeds, that would prevent resistance by a person or ordinary resolution, *under the same or similar circumstances, because of a reasonable fear of harm; ...*" (Emphasis added)

The Court of Appeals determined that the trial court's definition of nonconsensual intercourse which omitted the underlined portion of Section 21.04(b)(2) was fundamentally defective. No objection was made to the charge at the time of trial.

The application paragraph of the charge required the jury to find that appellant had deviate sexual intercourse with the complainant "without the consent of the Complainant." Thus, the jury was not authorized to convict appellant until they found that the complainant had not consented to the act. See, Section 21.04(a)(1); Section 21.05(a)(3). An element of the offense was not omitted from the application paragraph of the charge. Although it would have been preferable for the trial court to include the omitted language in its abstract definition, failure to do so under this record was not fundamental error.

The situation presented here is much like the situation presented in *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Cr.App.1981), an aggravated robbery case. In *Rohlfing,* we held that failure to define "in the course of committing theft" in the abstract portion of the charge was not fundamental error. We distinguished *Rohlfing* from *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980):

"As in the parable of the blind man and the elephant, in Evans, supra, the jury was told what it ['in the course of committing theft'] looked like, but by the charge given the jury was not told it ['in the course of committing theft'] must be found in order to find appellant guilty; i.e., an element of the offense was omitted when the trial court in its charge applied the law to the facts of the case. Here, the jury was told they had to find it ['in the course of committing theft'] in order to convict appellant, but were not told what it ['in the course of committing theft'] looked like; i.e., an element of the offense was not omitted when the trial court applied the law to the facts of the case in its charge."

Furthermore, appellant has not shown us that the error in the definition was calculated to injure his rights, nor does it appear that appellant did not have a fair and impartial trial. Article 36.19, V.A.C.C.P. The issue of consent was not raised by the facts of this case. Appellant defended himself with an alibi defense. He denied committing the offense. This Court has previously held that the issue of consent is not raised merely by a plea of not guilty. *Johnson v. State,* 633 S.W.2d 888 (Tex.Cr.App.1982); *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App.1974). In the case at bar, it was undisputed that the intercourse was nonconsensual. Since the facts of this case did not present a contested issue of consent, the jury could not have been misled by the definition given. See, *Naim v. State,* 644 S.W.2d 746 (Tex.Cr.App.1983).

Where the application paragraph clearly required the jury to find that the intercourse was without the complainant's consent, appellant was not injured or denied a fair and impartial trial. Thus, he is not entitled to relief. *Boles v. State,* 598 S.W.2d 274 (Tex.Cr.App.1980); *Bright v. State,* 585 S.W.2d 739 (Tex.Cr.App.1979).

The judgment of the Court of Appeals is reversed and appellant's conviction is affirmed.