**Arturo HINOJOSA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–084–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 1, 1983.

Abel Toscano, Jr., Harlingen, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of aggravated rape. After trial by jury, the court assessed punishment at 15 years in the Texas Department of Corrections.

In his sole ground of error, appellant challenges the sufficiency of the evidence arguing that the State failed to prove the aggravated element of the offense. Pursuant to the indictment, the State was required to prove that appellant compelled submission to the rape by threats of serious bodily injury or death to be imminently inflicted upon the prosecutrix. We have reviewed the record and find that appellant's argument is without merit.

The evidence shows that the prosecutrix was raped on the beach near Port Isabel. The prosecutrix testified several times that the appellant told her that he would kill her if she did not cooperate. She testified that she was "very afraid" for her life during the attack. The appellant and his accomplice threatened to kill her several times.

The gist of appellant's argument is that the prosecutrix was not compelled to submit by the verbal threat made, but was compelled to submit by "the appellant's and his partner's holding her down while they engaged in sex with the prosecutrix." We do not doubt that the attackers' physical restraint of the prosecutrix played a key role in accomplishing their intended result. Had the attackers, however, merely held the prosecutrix, they would have been guilty of rape, not aggravated rape. Instead, express threats to kill the prosecutrix were made if she did not submit to their

desires. These threats aggravated the offense.

Appellant cites *Rucker v. State,* 599 S.W.2d 581 (Tex.Cr.App.1980) and *Blount v. State,* 542 S.W.2d 164 (Tex.Cr.App.1976) in support of his argument. These cases are distinguishable. In *Rucker,* no express threat was made. In *Blount,* an express threat was made, but it was made after the attack and, thus, was not one which compelled submission to the rape by threat of death or serious bodily injury to be imminently inflicted. Here, the appellant threatened to kill the prosecutrix if she did not submit to sexual intercourse. The evidence is sufficient to sustain a conviction for aggravated rape. Appellant's sole ground of error is overruled.

The judgment of the trial court is affirmed.