**Edwin Arthur LEWIS aka Elwood Arthur Lewis, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 006–83 to 009–83.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 14, 1983.

state may be made before the clerk of the court, rather than only before a magistrate, as contemplated by Art. 51.13.

Janet Seymour Morrow, court appointed on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Nicholas Vincent, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

ON APPELLANT'S AND STATE'S PETITIONS FOR DISCRETIONARY REVIEW

MILLER, Judge.

In a single trial before a jury, appellant was convicted of two offenses of aggravated rape (our cause nos. 006–83 and 007–83) and two offenses of aggravated robbery (our cause nos. 008–83 and 009–83). The four offenses were committed against four separate complainants in the same criminal episode. Appellant's request for probation was denied; punishment was assessed by the jury at 50 years confinement for each aggravated rape offense and 20 years confinement for each aggravated robbery offense.

Alleging six grounds of error, appellant appealed the four convictions jointly to the Houston Court of Appeals. In an unpub-

lished opinion issued November 11, 1982, the Court of Appeals reversed appellant's aggravated robbery convictions and affirmed the aggravated rape convictions. Both the State and the appellant petitioned this Court for discretionary review. We granted both petitions on February 15, 1983, and will consider them jointly.

First, we will address the aggravated robbery convictions. Appellant contends that the court's charge to the jury was fundamentally defective in that the trial court erroneously omitted the definition of the term "unlawful appropriation." The definitional section of the court's charge to the jury stated, in pertinent part:

" 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the commission of theft."

" 'Theft' means the unlawful appropriation of another's property with the intent to deprive him thereof."

The application portions of the charge stated, in pertinent part:

"[I]f you believe from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about March 3, 1981, the defendant did then and there *while in the course of committing theft* of property owned by [complaining witness] and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place [him or her] in fear of imminent bodily injury or death, by using or exhibiting a deadly weapon, namely a firearm, you will find the defendant guilty of aggravated robbery."[1]

The Court of Appeals held that since the definition of the term "theft" failed to include a definition of the term "unlawful appropriation," the charge was fundamentally defective for failing to include an essential element of the offense, citing *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980). We disagree with this analysis.

If the portion of a jury charge applying the law to the facts instructs the jury with respect to every element of the offense, and if the charge does not authorize a conviction on proof of less than all of the requisite elements of the offense, no fundamental error will exist. *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979). Therefore, the portion of the charge to which we look to determine whether the charge is *fundamentally* defective is the part which applied the law to the facts of the case, i.e. the application paragraph. *Hill v. State,* 640 S.W.2d 879, 882 (Tex.Cr. App.1982); *Williams v. State,* 612 S.W.2d 934 (Tex.Cr.App.1981); *Thomas v. State,* 587 S.W.2d 707 (Tex.Cr.App.1979); *Cumbie,* supra; *Jones v. State,* 576 S.W.2d 393 (Tex. Cr.App.1979); *Hanks v. State,* 625 S.W.2d 433 (Tex.App.—Houston [14th Dist]—1981).

It follows that a charge will not be found *fundamentally* defective for improper or omitted definitions in the abstract portion of the charge. *Naim v. State,* 644 S.W.2d 746 (Tex.Cr.App.1983); *Coit v. State,* 629 S.W.2d 263 (Tex.App.—Dallas, 1982); *Bright v. State,* 585 S.W.2d 739 (Tex. Cr.App.1979); *Cumbie,* supra; *Jones v. State,* 481 S.W.2d 833 (Tex.Cr.App.1972).

In the case at bar, appellant made no objection to the charge during trial. Moreover, the application paragraph correctly applied the law to the facts of the case. *Evans,* supra; *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Cr.App.1981).[2] No funda-

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise specified.

2. Although the *Evans,* supra, and *Rohlfing,* supra, opinions reached different results, both decisions concurred in the holding that the application paragraph of a jury charge on aggravated robbery is sufficient if the offense is alleged to have occurred "while in the course of committing theft," and the terms "theft" and

"in the course of committing theft" are defined in the definitional section. Alternatively, the trial judge may, in the application paragraph, set forth the constituent elements of theft, see *Hughes v. State,* 561 S.W.2d 8 (Tex.Cr.App. 1978), so long as all of the elements are included. See also *Schmidt v. State,* 641 S.W.2d 244 (Tex.Cr.App.1982).

mental error is shown. Accordingly, we must reverse the judgment of the Court of Appeals and affirm the judgment of the trial court in the aggravated robbery convictions.

 We now address the aggravated rape convictions. Appellant contends that the court's charge to the jury was fundamentally defective. We agree.

The indictments, in pertinent part, alleged that appellant

"unlawfully intentionally and knowingly by force *and* by threatening the imminent infliction of serious bodily injury and death to [the complainant], a female not his wife and hereafter styled the Complainant, have sexual intercourse with the Complainant and without the consent of the Complainant."

The court, in applying the law to the facts of the case, instructed the jury, in pertinent part:

"... if you believe from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about March 3, 1981, the defendant did then and there intentionally or knowingly by force *or* by threatening the imminent infliction of serious bodily injury or death to [the complainant], a female not his wife, have sexual intercourse with her without her consent, you will find the defendant guilty of aggravated rape."

The definitional section of the charge contained definitions of "rape," "bodily injury," "serious bodily injury," "intercourse without the female's consent," and "sexual intercourse."

The charges on the aggravated rapes are fundamentally defective because the allegations of the use of force and of the use of threats were submitted disjunctively. The allegation of the use of force alone is not an aggravating element. V.T.C.A., Penal Code, § 21.03 (1973). The charge, therefore, allowed a conviction for aggravated rape on a finding of force without finding the aggravation element required by § 21.03. This had the same effect as an omission of that element from the charge, which constitutes fundamental error under *Cumbie,* supra. See *Richards v. State,* 644 S.W.2d 726 (Tex.Cr.App.1982); *Messenger v. State,* 638 S.W.2d 883 (Tex.Cr.App.1982); *Almanza v. State,* 645 S.W.2d 885 (Tex.App. —Fort Worth 1983) (Pending on State's Petition for Discretionary Review).

Thus, we reverse the judgment of the Court of Appeals in all four convictions and affirm the judgments of the trial court in the aggravated robbery convictions (our cause nos. 006–83 and 007–83) and reverse the judgments of the trial court in the aggravated rape convictions (our cause nos. 008–83 and 009–83).

TEAGUE, J., concurs in result with regard to the first ground of error.