Dominic CARRIERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 68803.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 7, 1983.

Rehearing Denied Feb. 8, 1984.

Janet Seymour Morrow, court appointed on appeal, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Timothy G. Taft, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

1. Although we find it unnecessary to discuss the grounds of error relating to the prosecutor's alleged misconduct, we want to emphasize that we in no way condone her inappropriate argument and behavior.

## OPINION

MILLER, Judge.

This is an appeal from a conviction of aggravated rape. The appellant was found guilty after a jury trial and punishment was assessed by the court at 15 years and one day in prison.

Appellant complains on appeal that the prosecutor engaged in misconduct which resulted in a denial of due process; there was fundamental error in the jury charge; and the trial court erred in denying appellant's motion to suppress the victim's in-court identification.

We find it unnecessary to address appellant's other grounds of error inasmuch as we note unassigned fundamental error in the court's charge to the jury and accordingly reverse appellant's conviction.[1]

Appellant was indicted under V.T.C.A. Penal Code, § 21.02(b)(1), Rape, aggravated by the threat of imminent infliction of serious bodily injury or death found in V.T.C.A. Penal Code, § 21.03(a)(2), Aggravated Rape. The indictment under which appellant was prosecuted alleged in pertinent part that appellant,

"... did then and there unlawfully intentionally and knowingly by force and by threatening the imminent infliction of serious bodily injury and death to M— R— M—, a female not his wife and hereafter styled the Complainant, have sexual intercourse with the Complainant and without the consent of the Complainant ...." (emphasis added)

V.T.C.A. Penal Code, § 21.03, Aggravated Rape (1974),[2] provides that:

"(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code or rape of a child as defined in Section 21.09 of this code and he:

(1) causes serious bodily injury or attempts to cause death to the victim or

---

2. V.T.C.A. Penal Code, § 21.03, was amended effective September 1, 1981. Appellant was tried and convicted prior to this amendment.

another in the course of the same criminal episode;

or

(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone . . . ."

The jury charge states as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about December 22, 1978 the defendant, Dominic Carriera, did then and there intentionally or knowingly by force *or* by threatening the imminent infliction of serious bodily injury or death of M— R— M—, a female not his wife, have sexual intercourse with the said M— R— M— without the consent of M— R— M— then you will find the Defendant guilty of aggravated rape as charged in the indictment . . . ." (emphasis added)

The charge on aggravated rape is fundamentally defective inasmuch as the allegation of the use of force and of the use of threats was submitted disjunctively. The allegation of the use of force alone is not an aggravating element. V.T.C.A. Penal Code, § 21.03 (1974). In *Lewis v. State,* 656 S.W.2d 472 (Tex.Cr.App.1983), this Court reversed an aggravated rape conviction because of the same language in the jury charge which allowed a conviction for aggravated rape on a finding of force without finding the aggravation element required by § 21.03. In light of *Lewis,* supra, and *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr. App.1979), we find that the disjunctive submission of allegations of the use of force and the use of threats constitutes fundamental error and we are constrained to reverse the case.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

ONION, P.J., and W.C. DAVIS, McCORMICK, and CAMPBELL, JJ., dissent.