Daniel K. FOX, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00293–CR.

Court of Appeals of Texas,
San Antonio.

April 17, 1985.

Sam Millsap, Jr., Ronald E. Mendoza, Mario Bordini, Edward F. Shaughnessy, III, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for aggravated rape and aggravated sexual abuse.[1]

Appellant was charged in one indictment with three felony offenses: aggravated kidnapping, aggravated rape and aggravated sexual abuse. Appellant filed a motion to quash the indictment for the reasons that the indictment violated the double jeopardy clauses of the United States and Texas Constitutions. The motion was denied.

After both sides rested in the ensuing jury trial and before the charge was presented to the jury, the State informed the trial judge that they were "dropping" the aggravated kidnapping portion of the indictment. The trial judge prepared a charge instructing the jury to return a verdict of "not guilty" on the charge of aggravated kidnapping.[2] The jury complied. They then proceeded to find appellant guilty first of aggravated rape and next of aggravated sexual abuse. The jury assessed punishment at ten years' confinement on each of these convictions. Judgment was entered of record reflecting the verdicts of the jury and finding appellant guilty of aggravated rape and aggravated sexual abuse. Appellant was sentenced to serve a term of ten years' imprisonment.

James E. Shugart, San Antonio, for appellant.

1. Appellant was charged and convicted under the 1981 amended versions of sections 21.03 and 21.05 of the Texas Penal Code. *See* Act of April 30, 1981, ch. 96 §§ 1 & 2, 1981 Tex.Gen.Laws 203 and Act of May 25, 1981, ch. 202, §§ 1 & 2, 1981 Tex.Gen.Laws 471, repealed by Act of June 19, 1983, ch. 977, § 3, 1983 Tex.Gen.Laws 5315. These offenses are now known as aggravated sexual assault. *See* TEX.PENAL CODE ANN. § 22.021 (Vernon Supp.1985).

2. The more common method in dealing with the situation where the State abandons a count after jeopardy attaches, is for the trial judge simply to dismiss the count and not submit it to the jury. This is probably the more appropriate method, although the result is the same in that the dismissal is tantamount to an acquittal on the abandoned count. *See Black v. State,* 143 Tex. Crim.R. 318, 158 S.W.2d 795, 796 (1942).

Appellant contends that the trial court erred in permitting convictions for aggravated rape and aggravated sexual abuse after appellant's prior acquittal for aggravated kidnapping, such subsequent convictions violating the principle of "collateral estoppel" as incorporated in the double jeopardy and due process clauses of the Texas and United States Constitutions.

■ "Collateral estoppel" means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed. 469, 475 (1970). Collateral estoppel applies only where there are two trials on an identical issue. *Meeks v. State*, 653 S.W.2d 6, 9 (Tex.Crim.App.1983) noted and disapproved on other grounds in *Drake v. State*, 686 S.W.2d 935 (Tex.Crim.App.1985); *see also Hite v. State*, 650 S.W.2d 778, 784 (Tex. Crim.App.1983, at footnote 7). Since the instant case involves only one trial, appellant's use of the doctrine of collateral estoppel is inappropriate and unsupportive of his claim. *Meeks, supra*, at 9.

■ Appellant further contends that the multiple convictions for aggravated rape and aggravated sexual abuse violated the double jeopardy prohibition. We first point out that at trial, all parties proceeded upon the theory that all of the offenses occurred in one transaction.[3] That is the premise on which we shall proceed.

Under the old carving doctrine, the State probably would have been prohibited from seeking multiple prosecutions for the two statutory offenses committed in this transaction. However, with the abandonment of this doctrine, *see Ex parte McWilliams*, 634 S.W.2d 815, 824 (Tex.Crim.App.1982), a new test has emerged:

[T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

As was stated in *Ex parte McWilliams, supra*, at 824, the *Blockburger* test is satisfied if each statutory offense requires the proof of a fact that the other does not. At trial there may be substantial overlap in the proof of each offense; however, it is the *separate statutory elements* of each offense which must be examined under this test.

The *Blockburger* rule will not preclude the convictions in the case at bar. Each statute requires proof of a fact which the other does not. *See* Acts of April 30, 1981, ch. 96 §§ 1 & 2, 1981 Tex.Gen.Laws 203 and Act of May 25, 1981, ch. 202 §§ 1 & 2, 1981 Tex.Gen.Laws 471 (repealed 1983). There has been no double jeopardy violation in the convictions.

■ However, a different set of rules, independent of the carving doctrine, prohibits a pleader from alleging two or more offenses arising out of one transaction in separate counts in a single indictment and obtaining more than one conviction on such indictment. These rules govern joinder of offenses and implicates statutory provisions and judicial declarations pertaining to charging instruments, joinder of offenses, consolidation for trial and allowable punishment. *See Drake v. State*, 686 S.W.2d 935 (Tex.Crim.App.1985), for lengthy discussion of applicable rules.

The rule still obtains that multiple convictions may not be had on two or more counts in a single indictment alleging offenses arising out of the same transaction. *Ex parte Siller*, 686 S.W.2d 617 (Tex.Crim.

---

**3.** The Court of Criminal Appeals has admonished practitioners and courts from loosely using the term "criminal episode," since it is defined only in § 3.01 of the Texas Penal Code—"the repeated commission of any one offense defined in Chapter 7 of this Code (Offenses Against Property)"—and that definition is *only* for purposes of Chapter 3. *See Drake v. State*, 686 S.W.2d 935 (Tex.Crim.App.1985).

App.1985). This is appellant's complaint in his third ground of error.[4]

■ Since a trial court is without legal authority to enter judgment and impose sentence for more than one offense, arising out of the same transaction and alleged in one indictment, *see Drake, supra,* and *Ex parte Easley,* 490 S.W.2d 570, 571 (Tex. Crim.App.1972), appellant is entitled to have the judgment reformed. The judgment indicates that the jury first found appellant guilty of aggravated rape and assessed punishment at ten years' confinement for this offense. Therefore, the judgment in cause number 83–CR–0254 of the 290th Judicial District Court of Bexar County, is reformed to read that appellant is "guilty of aggravated rape" only, and that portion finding him guilty of aggravated sexual abuse and the recitation of the jury's assessment of punishment on this latter offense are vacated and set aside.[5] *See Ex parte Siller, supra.*

In grounds of error four and five appellant alleges trial court error in the overruling of his motion to suppress an in-court identification and in permitting impermissible bolstering of the State's witness' identification of appellant.

Appellant's ground of error pertaining to impermissible bolstering does not comply with the requisites of TEX.CODE CRIM. PROC.ANN. art. 40.09, subd. 6(a) (Vernon Supp.1984); *McCary v. State,* 477 S.W.2d 624 (Tex.Crim.App.1972). Nothing is presented for review. *Cook v. State,* 611 S.W.2d 83 (Tex.Crim.App.1981).

■ On the identification issue, after examining the in-court identification in light of the totality of the circumstances, as we must, *Turner v. State,* 614 S.W.2d 144 (Tex.Crim.App.1981); *Thompson v. State,* 480 S.W.2d 624 (Tex.Crim.App.1972),

we are not persuaded that any pretrial procedure employed by the State resulted in irreparable misidentification. While there was evidence that the complainant probably saw a photograph of appellant in the State's file immediately prior to the live lineup and that observation of the photograph was not entirely through inadvertence, there is no evidence that a substantial likelihood of misidentification arose at the time of trial. *See Limuel v. State,* 568 S.W.2d 309 (Tex.Crim.App.1978). The complainant maintained her insistence that her identification of appellant was founded upon her own observations of appellant under unobstructed conditions. The record bears her out. We overrule appellant's grounds of error four and five.

■ Grounds of error six through nine essentially complain of the sufficiency of the evidence to prove the aggravating element of the offenses. The indictment charged the offense of rape aggravated by the allegation that appellant compelled such act "by acts, words and deed that placed the said complainant in fear of serious bodily injury to be imminently inflicted on the said complainant." The sexual abuse offense contained a similar allegation, with a slight variation, that such offense was compelled by appellant who "by acts, words and deed, place[d] the complainant in fear of *death* and serious bodily injury to be imminently inflicted upon the said complainant." (Emphasis added). The aggravating provisions for § 21.-03(a)(2) and § 21.05(a)(2) were identical and read as follows:

> by acts, words or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

---

**4.** Appellant moved to quash the indictment only on the basis of the double jeopardy violation. Appellant did not object to the two counts being submitted nor did he request that they be conditionally submitted, that is, that both counts could be submitted conditioned on the fact that only one conviction could be obtained. It was not until the jury returned its verdicts, that appellant objected.

**5.** The judgment in this case reflects that the trial court sentenced appellant to one term of ten years, however, the oral pronouncement of sentence in open court recites that appellant was sentenced to a term of ten years on each conviction. Only one ten year term can be imposed.

Act of April 30, 1981, ch. 96 §§ 1 & 2, 1981 Tex.Gen.Laws 203 and Act of May 25, 1981, ch. 202 §§ 1 & 2, 1981 Tex.Gen.Laws 471 (repealed 1983).

Pursuant to these statutes, the fact finder could consider the appellant's objective conduct, his acts, words or deeds, and infer from the totality of the circumstances whether the appellant's overall conduct placed the victim in fear of death or serious bodily injury to be imminently inflicted. *Lindsey v. State,* 672 S.W.2d 892, 894 (Tex. App.—Dallas 1984, no pet.); *Seek v. State,* 646 S.W.2d 557, 560 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Viewing the evidence in a light most favorable to the jury's verdict, we find the evidence sufficient to support the aggravating element of the charge.

The complainant testified that as she was leaving her place of employment, appellant approached her and asked her for the time. As she was looking at her watch, appellant managed to get between complainant and her car door. He told her "to get in the car. That he had a gun. And if [she] didn't get in the car and do what he said, he'd kill [them] both." The complainant testified that she believed appellant was serious about this threat and also believed that he actually had a gun because he kept his hand in his left pocket of an army fatigue jacket and it looked as if there was something in it. She stated that she was in actual fear at this time of serious bodily injury or death.

As she was getting into the car, appellant "shoved" her to the floorboard on the passenger side of the car. He pushed the back of her head telling her she "wasn't down far enough." Appellant asked the complainant for directions on how to get out of the area, and, because of her hesitation, he pushed her on the head again and said, "Just get down there and be quiet." He pushed her a few more times during the course of the drive which took from thirty to forty-five minutes.

As it was getting dark, the car came to stop and appellant got out and told complainant to stay on the floorboard. She

testified that she did as she was told because she was afraid appellant might use the gun he told her he had. After a few moments appellant ordered her out of the car. Appellant was naked and sitting on the driver's seat of the car. His clothes were near him by the car. He ordered the complainant to take her clothes off and lie on the ground in front of him. He then raped her, holding her hands above her head and twisting them when she would not "talk dirty to him."

After raping her he allowed her to sit up, and she observed that the area was secluded and isolated although she could hear traffic nearby. Appellant began talking to her and again told her "to just be good and do what he said because he didn't want to have to hurt [her]." After finishing a cigarette, appellant told her to lie back down and he proceeded to rape her again, again holding her hands above her head. She stated that he was strong. He then performed deviate sexual intercourse on the complainant, firmly grasping the back of her neck from which she was not able to break free.

The police officers who responded to the call testified that the complainant was very upset and crying. It took approximately five minutes before the complainant could gain enough composure to relate to them what had occurred. The doctor who examined complainant testified that he observed several fresh bruises and lacerations on her body.

 Notwithstanding the fact that a threat to kill the victim was made, which can be sufficient in itself to prove the aggravating element of the offense, *see Rogers v. State,* 575 S.W.2d 555, 559 (Tex.Crim. App.1975), from the totality of the circumstances the evidence is sufficient to prove that appellant's overall conduct placed the victim in fear of death or serious bodily injury to be imminently inflicted. *See Lindsey v. State, supra; Harris v. State,* 666 S.W.2d 537 (Tex.App.—Austin 1984, no pet.); *Hinojosa v. State,* 657 S.W.2d 510 (Tex.App.—Corpus Christi 1983, no pet.); *Seek v. State, supra; Rodriguez v. State,*

646 S.W.2d 671 (Tex.App.—Dallas 1983, no pet.); *McAfee v. State*, 624 S.W.2d 776 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Appellant's grounds of error six through nine are overruled.

 Appellant next alleges error in failure to charge on the lesser included offenses of rape and sexual abuse after timely request. Before a charge is required on a lesser included offense there must be some evidence that the defendant, if guilty, is guilty only of the lesser included offense. *Williams v. State*, 575 S.W.2d 30, 33 (Tex.Crim.App.1979). In the case at bar appellant pleaded not guilty, but did not offer any testimony relating to the elements of the offense as charged in the indictment. The witnesses called on behalf of the appellant testified solely on the issue of appellant's character. The State's evidence showed all the elements of aggravated rape and aggravated sexual abuse. Appellant was not entitled to a charge on any lesser included offenses.

In his final ground of error appellant asserts that fundamental error occurred in submitting a charge that authorized a conviction for aggravated rape on a finding of less than all of the requisite elements of the offense as alleged in the indictment. Appellant argues that the defect occurred in alleging rape by force *and* threats and charging rape by force *or* threats.

The indictment alleged the following:

[I]n the County of Bexar, State of Texas, DANIEL K. FOX, hereinafter called defendant, did then and there KNOWINGLY AND INTENTIONALLY BY *FORCE* THAT OVERCAME SUCH EARNEST RESISTANCE AS MIGHT REASONABLY HAVE BEEN EXPECTED UNDER THE CIRCUMSTANCES *AND THREATS,* COMMUNICATED BY ACTIONS, WORDS, AND DEEDS, THAT WOULD PREVENT RESISTANCE BY A WOMAN OF ORDINARY RESOLUTION UNDER THE SAME OR SIMILIAR [SIC] CIRCUMSTANCES, BECAUSE OF A REASONABLE FEAR OF HARM HAVE SEXUAL INTERCOURSE WITH DONNA BELLINGER, HEREINAFTER CALLED COMPLAINANT, A FEMALE NOT HIS WIFE, WITHOUT HER CONSENT *AND* COMPEL THE SAID COMPLAINANT TO SUBMIT TO THE SAID ACT OF SEXUAL INTERCOURSE BY ACTS, WORDS AND DEEDS THAT PLACED THE SAID COMPLAINANT IN FEAR OF SERIOUS BODILY INJURY TO BE IMMINENTLY INFLICTED ON THE SAID COMPLAINANT. [Emphasis added.]

The following pertinent instructions were given to the jury:

Our law provides that a person commits rape if he has sexual intercourse with a female not his wife, without the female's consent.

The intercourse is without the female's consent if he compels her to submit or participate by *force* that overcomes such earnest resistance as might reasonably be expected under the circumstances; *or,* if he compels her to submit or participate by any *threat,* communicated by actions, words, or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm.

A person commits aggravated rape if he commits rape, as defined above *and* he by acts, words, or deeds places the victim in fear of death or serious bodily injury to be imminently inflicted on anyone. [Emphasis added.]

In applying the law to the facts of the case, the court charged:

Now if you find from the evidence beyond a reasonable doubt that on or about the 9th day of December A.D., 1982, the defendant, Daniel K. Fox, did knowingly or intentionally by *force* that overcame such earnest resistance as might reasonably have been expected under the circumstances *or threats* that would prevent resistance by a woman of ordinary resolution under the same or similar circumstances, because of a reasonable fear of harm have sexual intercourse with Donna Bellinger, a female not his wife,

without her consent, *and* the defendant did intentionally or knowingly by acts, words, or deeds place the said Donna Bellinger in fear of serious bodily injury to be imminently inflicted on the said Donna Bellinger, you will find the defendant guilty of aggravated rape as charged in the indictment. [Emphasis added.]

■ The fact that an indictment alleges matters in the conjunctive and the charge requires proof in the disjunctive, does not constitute reversible error. *Zanghetti v. State*, 618 S.W.2d 383, 387–88 (Tex.Crim. App.1981); *Cowan v. State*, 562 S.W.2d 236, 240 (Tex.Crim.App.1978); *Seek v. State, supra*, at 561. Appellant cites to the case of *Mascorro v. State*, 626 S.W.2d 919 (Tex.App.—San Antonio 1981, no pet.), which is distinguishable from the case at bar in that the *aggravating element* was charged in the disjunctive, thus authorizing conviction for aggravated rape without requiring the jury to find all of the elements of the offense of rape *and* the aggravating circumstances. *See also Lewis v. State*, 656 S.W.2d 472 (Tex.Crim.App.1983) and *Carriera v. State*, 663 S.W.2d 1 (Tex.Crim. App.1983).[6] The charge in the instant case does not suffer such an infirmity.

■ The charge required the jury to convict only if they first found that appellant committed the rape by force or threats, and then found that there were aggravating circumstances. *See Wilhoit v. State*, 638 S.W.2d 489, 498–99 (Tex.Crim. App.1982). Appellant's ground of error eleven is overruled.

The judgment is reformed to read that appellant is guilty of the offense of aggravated rape only and assessed only one ten year term of confinement. The Clerk of this Court shall forward a certified copy of this opinion to the Texas Department of Corrections.

The judgment is affirmed as reformed.

---

6. The appellants in these cases were indicted under § 21.03(a)(2), Act of June 14, 1973, ch. 399 § 1, 1973 Tex.Gen.Laws 916, amended by Act of April 30, 1981 ch. 96 § 1, 1981 Tex.Gen. Laws 203 (repealed 1983). This section provided for aggravated rape where a person commits rape and

compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

The indictments in these cases alleged rape by force and aggravation by threat.