**Gilberto FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–478–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 19, 1989.

W.A. Orr, Jr., Bay City, for appellant.

Daniel W. Shindler, Bay City, Jim Vollers, Austin, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

A jury found appellant, Gilberto Flores, guilty of aggravated sexual assault of a child and assessed punishment at 45 years' imprisonment. Appellant now challenges his conviction by seven points of error. We reverse.

By his first point of error, appellant contends the indictment is fundamentally defective in that it fails to allege the penetration of the "female" sexual organ as set forth in Tex.Penal Code Ann. § 22.021 (Vernon 1989). No motion to quash was filed.

The indictment reads as follows:

THE GRAND JURY, for the County of Matagorda, State of Texas ... upon their oaths present in and to said court at said term that Gilberto Flores hereinafter styled Defendant, on or about the 6th day of May A.D. 1988, and before presentment of this indictment, in the County and State aforesaid, did then and there intentionally and knowingly cause the penetration of the sexual organ of M___ F___, a child not the spouse of defendant, who was then and there younger than 14 years of age, by defendant's penis.

Section 22.021 provides that a person commits aggravated sexual assault if he intentionally or knowingly "causes the penetration of the anus or *female* sexual organ of another person by any means, without that person's consent," (emphasis ours) and if his victim is younger than 14 years of age.

Generally, it is not necessary for an indictment to strictly adhere to the exact language of a penal statute. Tex.Code Crim.Proc.Ann. art. 21.17 (Vernon 1989). The charging instrument is sufficient if it adequately informs the accused of the elements of the offense with which he is charged. *Quevedo v. State*, 661 S.W.2d 321, 323 (Tex.App.—Corpus Christi 1983, pet. ref'd); Tex.Code Crim.Proc.Ann. art. 21.11 (Vernon 1989). Here, it was undisputed that M__ F__, the victim referred to in the indictment, was the daughter of appellant; in fact, appellant so testified. Hence, it is clear that the indictment gave appellant sufficient notice that he was being charged with penetrating the sexual organ of a female. We overrule point of error number one.

Appellant asserts by his second point of error that the court's charge is fundamentally erroneous in that the word "female" is omitted from the application portion of the document. That portion reads:

Now if you find from the evidence beyond a reasonable doubt that on or about the 6th day of May 1988, in Matagorda County, Texas, the defendant, Gilberto Flores, did then and there intentionally and knowingly cause the penetration of the sexual organ of Maribel Flores, a child not the spouse of defendant, who was then and there younger than fourteen (14) years of age, by defendant's penis; then you will find the defendant guilty of aggravated sexual assault of a child.

It is well settled that the statutory elements of an offense may be set out either in the application paragraph *or* in the definitional portion of the charge. *Lewis v. State*, 656 S.W.2d 472, 474 (Tex. Crim.App.1983). Here, paragraph one of the charge informed the jury that under Texas law, sexual assault of a child occurs when one causes the penetration of the "female sexual organ" of the victim. In accordance with *Lewis*, we conclude that

the charge contains no error. Point two is overruled.

By his third point, appellant argues that the trial court erred in overruling his objection to the following allegedly improper jury argument which took place during the guilt-innocence phase of trial:

Gilberto Flores is charged by Indictment with the offense of Aggravated Sexual Assault of a child. That's important. Somebody has to protect our children. That decision is going to be up to you here today when you decide this case. *This is a little girl. She got up here and told the truth.*

MR. ORR: Objection, Your Honor, that's bolstering of the testimony of the witness and it is improper.

THE COURT: Overruled. (emphasis ours).

The prosecutor continued his argument that the State believed she was telling the truth because she cried for two reasons: the pain of the assault itself and the pain caused because the appellant is her father.

It was improper for the prosecutor to bolster the victim's testimony by injecting into the argument his personal opinion about her honesty and truthfulness. *See Menefee v. State,* 614 S.W.2d 167, 168 (Tex. Crim.App.1981) ("I don't believe I have ever seen anybody that I thought was any more honest than she is" held to be improper argument), *citing Puckett v. State,* 168 Tex.Crim. 615, 330 S.W.2d 465 (Tex.Crim. App.1959) ("I'm telling you that they are telling the truth" held to be improper argument, requiring reversal); *Sepulveda v. State,* 751 S.W.2d 667, 669 (Tex.App.—Corpus Christi 1988, pet ref'd). However, the prosecutor may argue his opinions so long as they do not constitute unsworn testimony and are based on evidence in the record. *McKay v. State,* 707 S.W.2d 23, 36–37 (Tex. Crim.App.1985) ("Looks like that to me" held proper). In order to be reversible error, the argument must be extreme or manifestly improper, or inject new and harmful facts into evidence. *Id.* at 36.

 In the instant case, we construe the prosecutor's argument, given the context in which the credibility of the complainant was being addressed, as not to be so extreme as to require reversal. Appellant's third point of error is overruled.

By his fourth point of error, appellant complains of the following argument by the prosecutor in his opening jury argument:

I don't think for one minute—and I don't think you will either—that she got up here with the hurt she had, the tears that she had, knowing that's her father and is going to make up a story in here to you. *We don't bring those kind of cases to court. We bring the true—.* (emphasis added).

MR. ORR: [Attorney for the Defense]: Objection, Your Honor. He is talking about matters outside the record, about not bringing cases like that to court and I object to it.

THE COURT: Overruled.

 It is fundamental that argument must be limited to: 1) summation of the evidence; 2) reasonable deduction from the evidence; 3) answers to argument of opposing counsel; or 4) a plea for law enforcement. *Melton v. State,* 713 S.W.2d 107, 114 (Tex.Crim.App.1986) *citing Alejandro v. State,* 493 S.W.2d 230 (Tex.Crim.App. 1973). The State's jury argument does not fall into any of the approved areas; rather, it injects matters not in the evidence. The type of cases chosen for prosecution is not material to the issue of whether appellant is guilty of the charged aggravated sexual assault. The prosecutor was vouching for the credibility of the witness. It was objectionable argument, and it was error for the trial court to overrule the objection. *Robillard v. State,* 641 S.W.2d 910, 912 (Tex. Crim.App.1982) ("A prosecutor that works for Mr. Henry Wade is not going to put in evidence before the jury that he himself does not believe is true" held improper argument); *Gardner v. State,* 730 S.W.2d 675, 698 (Tex.Crim.App.1987) (Prosecutor's argument indicated the witness had to pass the scrutiny of police detective and prosecutor.) Bolstering the credibility of a witness by the prosecutor vouching for the witness is error. Stating his personal be-

lief as to the truthfulness of the testimony is error.

If appellant was harmed as a result of the improper argument, reversal is required, although the test for harm by improper jury argument has been stated in various manners. The Court of Criminal Appeals in *Allridge v. State*, 762 S.W.2d 146, 155 (Tex.Crim.App.1988) stated the test to be whether there is a reasonable possibility that the improper argument might have contributed to the conviction or punishment, *citing Garrett v. State*, 632 S.W.2d 350, 354 (Tex.Crim.App.1982) and other cases. Tex.R.App.P. 81(b)(2) requires reversal upon finding error unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or punishment. It is necessary to examine the evidence and arguments to make either determination.

The complainant, a 13–year–old girl, lived with her brother, their father (appellant) and his wife in a trailer house. On May 11, 1988, the girl contacted her 5th grade teacher about sexual contact by her father. The class had recently been taught the difference between "bad touches" and "good touches." The teacher testified that the child had told her the appellant was having intercourse with her several times a week since January and that she wanted it to stop.

The child testified that appellant had intercourse with her on an unspecified day, but that it had started soon after her birthday on January 23, 1988. Her 11–year–old brother, with whom she shared a bedroom, testified that in April or May, when they were all asleep, appellant came into the bedroom and knocked over a lamp when he entered. Later that night his sister told of appellant's sexual contact with her, and the brother advised her to tell someone.

A physician with a specialty in obstetrics-gynecology testified he examined the child and concluded that the condition of her genitals were consistent with repeated acts of intercourse.

A number of witnesses testified for the defense, including appellant, who denied having intercourse with the girl. His wife, the children's step-mother, stated that she slept with her husband, and often during cold nights all four would sleep in the same room. She never saw or suspected anything between them. She and the complainant did not get along, as the child resented her discipline and instruction; and on the day before the teacher was told of the sexual contact, she and the complainant had an argument. There was also mention that the complainant had a boyfriend surreptitiously, and that she flirted with the young man who lived next door.

The only evidence that appellant had intercourse with the child is the child's testimony and others reporting what was told them by the complainant. Thus, the credibility of the complainant is crucial. We cannot conclude beyond a reasonable doubt that the prosecutor's vouching for the credibility of the complainant did not result in harm to appellant given the importance of the child's credibility and the earlier argument made by the prosecutor.

Appellant's fourth point of error is sustained. Appellant's remaining points of error are not dispositive and will not be addressed.

The judgment of the trial court is REVERSED and the cause REMANDED for new trial.