**AFFIRM; and Opinion Filed June 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01280-CR

### MICHAEL EARL SMITH, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-1358426-L**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Richter[1]
Opinion by Justice Richter

A jury found appellant Michael Earl Smith guilty of theft of property valued at $20,000 or more but less than $100,000, a third degree felony. The trial court found two enhancement paragraphs true and assessed appellant's punishment at thirty years' confinement. In two appellate issues, appellant challenges the trial court's jury charge and its failure to pronounce orally that it had found the enhancement allegations true. We affirm the trial court's judgment.

### Background

On July 2, 2013, appellant opened a savings account at the DeSoto branch of the Credit Union of Texas with a fifteen dollar deposit. He asked the banker assisting him about setting up home banking. Because the credit union had experienced a significant level of fraudulent

---

[1] The Hon. Martin Richter, Justice, Court of Appeals. Fifth District of Texas at Dallas, Retired, sitting by assignment.

activity in the home-banking sphere, appellant's account was flagged and monitored. There was no activity in the account until July 26, 2013, when a series of three transactions occurred: at 10:15 a.m., $25,000 was transferred into appellant's savings account; at 10:16 a.m., another $25,000 was transferred into that account; and at 10:17 a.m., $24,570 was transferred into the account. At 10:25 a.m., appellant entered the DeSoto branch and attempted to obtain a cashier's check and to withdraw a large amount of cash from the account for a "business adventure."[2] The bankers were suspicious of the timing of the proposed withdrawal and the fact that the transfers had come from another member's account; they told appellant they could not have that much cash for him until the next day. The credit union's video showed appellant leaving the DeSoto branch at 11:02 a.m.

Credit union video also showed appellant arriving at the Mountain View branch of the credit union at 11:16. At that branch, appellant asked for a cash withdrawal of $22,500 and a cashier's check in the amount of $17,500. He obtained the cashier's check—made out to Johnny Baker in the amount of $17,500—but when the banker helping him spoke to her supervisor about the cash, they checked and learned the transfers had been made that morning through a home-banking transfer. Aware of the fraudulent transactions that had occurred in the same fashion, the bankers contacted the DeSoto branch, the corporate office, and finally the police. The police arrested appellant. The credit union voided the $17,500 check and gave the check to the police.

In the course of these events, bankers at both branches learned the three transfers originated in the credit union account belonging to Thomas Mark Hyatt.[3] Hyatt testified at trial that he was contacted the morning of the transfers by a credit union employee, who asked

---

[2] The banker helping appellant that morning testified she did not remember the amount of money appellant wished to withdraw, but she remembered it being "in the thousands."

[3] The State acknowledged it could not prove appellant himself made the electronic transfer of funds from Hyatt's account to appellant's. However, the jury was instructed on the law of parties, and appellant both opened the credit union savings account and attempted to withdraw the money shortly after the funds were transferred to that account.

whether Hyatt had made or authorized the transfers to appellant; he told the banker he had not. Hyatt testified further that he did not know anyone named Michael Smith and that the transfers were made on July 26 without his permission.

The jury found appellant guilty. The trial court found the enhancement paragraphs true and assessed appellant's punishment at thirty years' confinement.

## Definition of Effective Consent

In his first issue, appellant contends the trial court's jury charge included an improper definition of "effective consent" that caused appellant egregious harm. Appellant argues the trial court incorrectly charged the jury using the penal code's general definition of effective consent rather than the definition specific to the theft statute. The charge's definition stated, "Consent is not effective consent if induced by force, threat, fraud, deception or coercion." The penal code's general definition states, "Consent is not effective if [] induced by force, threat, or fraud." TEX. PENAL CODE ANN. §1.07(a)(19)(A) (West Supp. 2015). In the theft statute, the definition states, "Consent is not effective if [] induced by deception or coercion." *Id.* § 31.01(3)(A). The court's definition, thus, was a combination of both statutory definitions. Appellant argues that only the inducements of "deception and coercion," found in section 31.01, should have been included in the jury charge, and not the inducements of "force, threat, or fraud," found in the general definition. Appellant contends the inclusion of these three possible causes of ineffective consent broadened the possible bases on which he could be found guilty.

The State responds that the statutory definitions are really interchangeable: that "deception" is synonymous with "fraud," and "force, [and] threat" are synonymous with "coercion." Thus, because the charge's definition merely combined similar terms, it did not create the possibility of additional bases for guilt.

We need not decide whether the trial court erred by combining the definitions, because—even if the resulting definition were erroneous—the error could not have misled the jury. Appellant did not object to the definition in the trial court. To obtain reversal on this issue he must show egregious harm, which is harm sufficient to have prevented a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1981). However, our review of the record establishes that consent was not a disputed issue at trial. Appellant did not ever argue or attempt to elicit testimony that Hyatt had consented to the transfer of funds to appellant. On the contrary, appellant's consistent theory of the case was that he did not ever take possession of the funds or deprive Hyatt of their value.

Appellant's case is similar to *Naim v. State*, 644 S.W.2d 746 (Tex. Crim. App. 1983), an aggravated robbery case in which the court instructed the jury according to section 1.07 that "[c]onsent is not effective if induced by force, threat, or fraud." 644 S.W.2d at 747. Naim argued the court should instead have used the specific definition in the theft statute, "Consent is not effective if induced by deception or coercion." *Id.* In *Naim*, the question was which definition was correct, rather than whether the definitions could be combined. However, the court of criminal appeals concluded that "there was really no issue in regard to consent since the complainant gave no consent at all." *Id*. at 748. If the facts of the case do not present a contested issue of consent, the court stated, then the jury could not be misled by the definition of consent, and the jury could not have found the defendant guilty in a way the penal code did not intend. *Id.* As a result, any error in giving one definition and not the other did not deprive the defendant of a fair and impartial trial, and the charge was not fundamentally erroneous. *Id.*

In appellant's case, the evidence showed funds were transferred from one credit union member's account to another member's account in a manner the credit union recognized as fraudulent. The owner of the funds testified he did not make or authorize the transfer, and no

–4–

contrary argument or evidence was presented. We conclude the jury could not have been misled by the definition of effective consent given because consent was not presented as an issue in appellant's case. The error, if any, could not have deprived appellant of a fair and impartial trial. *See Almanza*, 686 S.W.2d at 171.

We overrule appellant's first issue.

## Unauthorized Sentence

In his second issue, appellant argues he was given an unauthorized sentence. The trial court assessed his punishment for the third degree theft felony at thirty years, which would be a valid sentence if the State's two enhancement allegations were found to be true. However, the trial court did not announce in open court its finding that the enhancement allegations were true. Appellant acknowledges that the trial court's docket sheet contains a notation that the judge found the enhancement allegations true, but argues the docket sheet has no legal force. Because the trial court did not announce these findings on the record, appellant contends his sentence was unauthorized, and we should reverse and remand for a new punishment hearing. We disagree.

As a threshold matter, the judgment in this case states that the trial court found both enhancement paragraphs true. Recitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary. *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). The record before us contains no evidence contrary to the judgment's representation that the court found the enhancement paragraphs true. Moreover, this Court has recently held, under similar circumstances, that "[a] trial court does not err if it fails to read the enhancement paragraphs and find them true or false on the record." *Williams v. State*, No. 05-14-00452-CR, 2015 WL 4656645, at *5 (Tex. App.—Dallas Aug. 6, 2015, no pet.) (memo op., not designated for publication).

We overrule appellant's second issue as well.

## Conclusion

We affirm the trial court's judgment.

/Martin Richter/

MARTIN RICHTER
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

141280F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL EARL SMITH, Appellant

No. 05-14-01280-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1358426-L.
Opinion delivered by Justice Richter, Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of June, 2016.